ROBERTSON, Justice:
This is a workman’s compensation case. The attorney-referee found that Sam T. Campbell (Camell), deceased, had no dependents within the meaning of the Workmen’s Compensation Act at the time of his death.
The Commission affirmed the order of the attorney-referee, thereby finding that Anna Bell Campbell, his first wife; Andrew Camell, father of the deceased; Betty Ann Camell, sister of the deceased; and Allie B. Camell, his reputed second wife; were not dependents of the deceased within the meaning of the act, and thereby denying and dismissing the claims of all of them.
*141 Only Allie B. Camell perfected an appeal to the Circuit Court of Oktibbeha County. The circuit court reversed the decision of the Workmen’s Compensation Commission and ordered the employer and carrier to pay compensation to Allie B. Camell.
The sole question is whether there was a valid ceremonial marriage between Sam T. Campbell and Allie B. Camell (Campbell). If there were a valid ceremonial marriage, then Allie B. Camell would qualify as a dependent, and the circuit court judgment would be correct. If there were not a valid ceremonial marriage, then Allie B. Camell would not be a dependent, and the Commission would be right and the circuit court wrong.
Section 6998-02(14) Mississippi Code 1942 Annotated (Supp.1966) further defines “widow” as follows:
“The term ‘widow/ shall likewise include one not a legal wife, but who had entered into a ceremonial marriage with the decedent at least one year prior to his death, and who on the date of the decedent’s death stood in the relationship of a wife, provided there was no living legal spouse who had protected her rights for support by affirmative action as here-inabove required.” (Emphasis added).
Section 465.5 Mississippi Code 1942 Annotated (1956) provides:
“L No marriage contracted after the effective date of this act shall be valid unless the contracting parties shall have obtained a marriage license as otherwise required by law, and unless also the marriage, after such license shall have been duly issued therefor, shall have been performed by or before any person, religious society, institution, or organization authorized by Sections 2365 and 2366, Mississippi Code of 1930, being Sections 463 and 464, Mississippi Code of 1942, to solemnize marriages; and failure in any case to comply with both prerequisites aforesaid, which shall also be construed as mandatory and not merely directory, shall render the purported marriage absolutely void and any children born as a result thereof illegitimate.” (Emphasis added).
Allie B. Camell testified that she and Sam Campbell (Camell) were married on April 27, 1963, in her mother’s home in Cliftonville, Noxubee County, Mississippi, and that the ceremony was performed by the Rev. Josephus Davis in the presence of her mother “and Rilla B. Nicholson and her family and Sam’s daddy, which is Andrew Camell.” Allie B. Camell described her wedding in this way:
Q. Did you actually enter into a ceremonial marriage with Sam?
A. Well, I don’t know what y’all call a ceremony, but we had a house marrying, you know we went out and got the preacher and brought him to the house and he married us.
She continued to live with Sam as his wife until his death on July 3, 1966.
The Commission, speaking through the attorney-referee, found:
“(2) that Allie B. Camell and the deceased lived together more than one year prior to his death; that they had some type of gathering at a house in Noxubee County, Mississippi, at which time they were supposedly married, and that they thereafter lived together as husband and wife; however, no legal and lawful marriage could have been entered into because at least one of the parties, and possibly both, had been previously married to a person or persons still living and had not obtained a divorce.
“The claim of Allie B. Camell is not based on a lawful marriage, but rather the claim is based on the premise that a ceremonial marriage was entered into in accordance with the provisions of Section 2(14) of the Act.
“A marriage license was applied for in Noxubee County, Mississippi, by Sam T. Camell and Allie B. Camell and was *142 issued by the Circuit Clerk of the said county, however, it was not paid for and was not picked up by the parties and at the time of the hearing of this claim the marriage license was still in the possession of the said Circuit Clerk.
“No ceremonial marriage zvithin the meaning of the Compensation Act could have taken place without full compliance with the marriage laws of this State, including obtaining a valid marriage license and for this reason the claim of Allie B. Camell fails.” (Emphasis added).
In reversing the order of the Commission, the Circuit Court of Oktibbeha County ruled:
“The Commission also found against the other claimants who filed claims for compensation in this case, thereby leaving only Allie B. Campbell, his mistress, who in my opinion met the burden of proof as such, as was intended under our Workmen’s Compensation Act, as his putative widow or mistress on the date of the death of the deceased.
“It is the opinion of the court that Section 465-5 is not applicable to the facts and• circumstances in this case, or any other case where the Workmen’s Compensation Act is involved. The evidence reveals that these parties were poor, ignorant, negro tenants, with little or no knowledge about a valid marriage and, taking into consideration these conditions and their ignorance on this subject, which I feel should be considered on the question of whether or not they were living together in good faith as man and wife, the undisputed evidence in this case shows that they had been living together as man and wife more than one year before the death of the deceased and that Allie B. Campbell was a dependent of the deceased.” (Emphasis added).
The circuit court was in error in ruling that Section 465.5, which is an integral part of Mississippi’s marriage laws, does not apply in workmen’s compensation cases. It is as much a part of our State’s laws as is our workmen’s compensation law. These laws must be construed together; each is an important part of the whole law of the State.
Section 465.5 sets forth two indispensable prerequisites to a valid marriage: (1) the contracting parties “shall have obtained a marriage license as otherwise required by law,” and (2) the marriage ceremony “shall have been performed by or before any person, religious society, institution, or organization authorized by * * * Sections 463 and 464.” These two requirements are mandatory, and a failure to comply with either will render the purported marriage absolutely void. So said the Mississippi Legislature in clear and positive language. Our law makers left no room for doubt as to their intent.
When the Legislature said in the workmen’s compensation law that the term “widow” will include one who has entered into a ceremonial marriage with the decedent, they meant a ceremonial marriage complying with the marriage laws as also enacted by them.
We said as far back as Sims v. Sims, 122 Miss. 745, 85 So. 73 (1920), that a ceremonial marriage is one solemnized pursuant to a license obtained therefor. We repeated this ruling in United States F. & G. v. Smith, 211 Miss. 573, 52 So.2d 351 (1951). These two cases were decided before the marriage laws of the State were strengthened and common law marriages outlawed in 1956.
The circuit court erred in reversing the order of the Workmen’s Compensation Commission and in finding that the marriage laws of the State (Section 465.5) were not applicable in workmen’s compensation cases.
*143 The judgment of the circuit court is reversed, and the order of the Workmen’s Compensation Commission reinstated.
Reversed and rendered.
ETHRIDGE, C. J., and PATTERSON, INZER and SMITH, JJ„ concur.