SMITH, Justice,
for the Court:
Mary Frances Yager appeals the Union County Circuit Court order affirming the Worker’s Compensation Full Commission’s decision which denied her compensation payments as a “surviving spouse” as defined under Miss.Code Ann. § 71-3-3(n) (1972).
Mary claims, in spite of her divorce from M.L. Yager, now deceased, that she is his “surviving spouse” and presumed dependent within the meaning of the Mississippi Worker’s Compensation Act and entitled to compensation payments for his death.
The Commission and Circuit Court concluded that the 1980 divorce legally terminated the Yagers’ valid, ceremonial marriage entered into in 1954; that although they were living together as man and wife at the time of his accidental death, they were not “ceremonially married” as required by the “surviving spouse” definition, according to the Mississippi Worker’s Compensation Act.
Aggrieved, Mary’s appeal raises as the sole issue:
WHEtHER OR NOT SHE QUALIFIES AS A “SURVIVING SPOUSE” WITHIN THE MEANING OF SECTION 71-3-3(n), MISS.CODE ANN. (1972).
We conclude, based upon the uncontradict-ed facts, that because Mary and M.L. did not enter into a “ceremonial marriage” after their divorce and before his death, she is disqualified for compensation as his “surviving spouse.”

FACTS

The Yagers were married ceremonially on November 6, 1954; however, that marriage ceased when they were divorced on August 28, 1980. They never sought revocation of the divorce under Miss.Code Ann. § 93-5-31 (1972), never obtained a new marriage license, and never remarried.
Many of the indicia of a marriage were present. They lived together, filed joint tax returns, Mary listed M.L. as her husband on her insurance at her job and collected life insurance benefits as his beneficiary. However, the parties did not maintain joint checking or savings accounts. Each contributed to the rent on the house where they were living and the other living expenses. M.L. had his car in his name only.
M.L. died from a head injury sustained while driving a truck on his 16th day as Gregory Cattle Company’s employee. Mary claimed “surviving spouse” compensation based upon the fact that they were living together as husband and wife at the time of his death.

DISCUSSION

To qualify as Yager’s “surviving spouse” for compensation purposes, Mary had to come within the definition set forth in § 71-3-3(n) of the Mississippi Worker’s Compensation Act, which provides:
The term “surviving spouse” includes the decedent’s legal wife or husband, living with him or her or dependent for support upon him or her at the time of death or living apart for justifiable cause or by reason of desertion at such time, provided, however, such separation had not existed for more than three (3) years without an award for separate maintenance or alimony or the filing of a suit for separate maintenance or alimony in the proper court in this state. The term “surviving spouse” shall likewise include one not a legal wife or husband but who had entered into a ceremonial marriage with the decedent at least one (1) year prior to death and who, on the date of the decedent’s death, stood in the relationship of a wife or husband, provided there was no living legal spouse who had protected her or his rights for support by affirmative action as hereinabove required. The term “surviving spouse” as contemplated in this chapter shall not apply to any person who has, since his or her separation from decedent, entered into a ceremonial marriage or *1268 lived in open adultery with another, (emphasis added)
To be the “surviving spouse,” Mary, not the legal wife because of the divorce, must prove that she had entered into a ceremonial marriage with Yager at least one year prior to the death and, at his death, “stood in the relationship of a wife.” The statute includes those persons who perhaps unknowingly entered into a ceremonial marriage but who have a legal impediment to that marriage, such as a previous undissolved marriage or bigamy.
A ceremonial marriage has two “indispensable prerequisites”:
(1) The contracting parties shall have obtained a marriage license; and
(2) The marriage shall have been performed by one authorized to solemnize marriages pursuant to Miss.Code Ann. Sections 93-1-17 and 93-1-19 (1972).
Miss.Code Ann. § 93-1-15 (1972) provides, in pertinent part:
Failure in any case to comply with both prerequisites aforesaid which shall also be construed as mandatory and not merely directory, shall render the purported marriage absolutely void....
This Court in South Central H & P Co. v. Dependents of Campbell, 219 So.2d 140, 142 (Miss.1969) held:
The circuit court was in error in ruling that Section 465.5, which is an integral part of Mississippi’s marriage laws, does not apply in workmen’s compensation cases. It is as much a part of our State’s laws as is our workmen’s compensation law. These laws must be construed together; each is an important part of the ■ whole law of the State.
Section 465.5 sets forth two indispensable prerequisites to a valid marriage: (1) the contracting parties “shall have obtained a marriage license as otherwise required by law,” and (2) the marriage ceremony “shall have been performed by or before any person, religious society, institution, or organization authorized by * * * Sections 463 and 464.” These two requirements are mandatory, and a failure to comply with either will render the purported marriage absolutely void. So said the Mississippi Legislature in clear and positive language. Our law makers left no room for doubt as to their intent.
When the Legislature said in the workmen’s compensation law that the term “widow” will include one who has entered into a ceremonial marriage with the decedent, they meant a ceremonial marriage complying with the marriage laws as also enacted by them.
We said as far back as Sims v. Sims, 122 Miss 745, 85 So. 73 (1920), that a ceremonial marriage is one solemnized pursuant to a license obtained therefor. We repeated this ruling in United States F. & G. v. Smith, 211 Miss. 573, 52 So.2d 351 (1951). These two cases were decided before the marriage laws of the State were strengthened and common law marriages outlawed in 1956.
In Devereaux v. Devereaux, 493 So.2d 1310, 1313 (Miss.1986) (Sullivan, J., writing), the Court ruled under Miss.Code Ann. § 93-5-27 (1972) that the divorce decree (judgment) ended the marriage and the divorced parties then have a status of unmarried persons. The Court went on to recognize the statutory rights of the previously married parties to obtain court revocation of the divorce under Miss.Code Ann. § 93-5-31 (1972).
Mary and M.L. did not obtain court revocation of the 1980 divorce or get a marriage license and enter into a ceremonial marriage thereafter.
Mary Frances Yager’s argument fails for the additional reason that she knew her prior valid marriage to the decedent was terminated by a divorce. She knew the requisites for a valid marriage, as did the decedent, and they by their actions elected to maintain an illicit relationship from which no Worker’s Compensation benefits could accrue to the survivor. Clearly, Mary lacked the “good faith” necessary for this Court to strain and distort the statutory definition of surviving spouse in order to award her compensation benefits. Dunn, Mississippi Workmen’s Compensation, § 208 (3rd Ed.1982). The chaos that existed when this state recognized *1269 common law marriages would return in the form of widows or widowers claims that they “stood in the relationship” of a wife or husband at the death of the other party to their illicit relationship. United, States F. & G. v. Smith, 211 Miss. 573, 52 So.2d 351 (1951) and Watkins v. Taylor, 216 Miss, 822, 63 So.2d
225 (1953). Such “endowment of illicit relationship” would be in direct conflict with the express language of both the marriage laws and the Worker’s Compensation Law of this state. This Court has stated, “that the marriage law and the Worker’s Compensation Law must be construed together; that a failure to comply with the marriage law renders the purported marriage absolutely void.” South Central H & P Co., 219 So.2d at 142. Construing the marriage law and Worker’s Compensation Law together, Mary is not the statutory “surviving spouse” and therefore she is not entitled to compensation for M.L.’s death in employment.
Mary asks that we stretch the Worker’s Compensation Law to include her in the definition of “surviving spouse.” What we cannot overlook in this case however is the fact that Mary and M.L. only obtained one marriage license and only participated in one ceremonial marriage, which resulted in a legal marriage in 1954. This was all terminated in 1980 by divorce and the parties never sought revocation of that divorce, never obtained a new marriage license, and never remarried.

CONCLUSION

The express language of the marriage law and Worker’s Compensation Law of this state has proven to be clear, reliable and workable. This Court has not issued any opinions construing its definition of “surviving spouse” since South Central H &P Co. v. Dependent's of Campbell in 1969. Any change in the definition of “surviving spouse” lies with the legislature, not this Court. We do not choose to return to the chaotic days of common law marriage.
Mary does not meet the mandatory criteria to be deemed a “surviving spouse” under the Worker’s Compensation Law. We find no merit to the single issue raised by Mary. The judgment of the circuit court is affirmed.
CIRCUIT COURT JUDGMENT AFFIRMED.
HAWKINS, C.J., PRATHER, P.J., SULLIVAN and PITTMAN, JJ., concur.
DAN M. LEE, P.J., dissents with separate written opinion, joined by BANKS, McRAE and JAMES L. ROBERTS, Jr., JJ.